UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAYLE GREEN-JOHNSON, | * | CIVIL ACTION |
| Individually and on behalf of her minor | * | |
| children, GAYLAN GREEN, | * | NO. 065475, SECTION "S" |
| GEAMES GREEN, MARCINA | * | |
| GREEN, MARCINA JOHNSON, JR., | * | |
| AND GEREMY JOHNSON | * | HON. JUDGE LEMMON |
| | * | |
| VS | * | HON. MAG. ROBY |
| | * | |
| ENTERPRISE RENT-A-CAR | * | <u>JURY TRIAL REQUESTED</u> |
| COMPANY, ENTERPRISE CAR | * | |
| SALES, GENERAL MOTORS | * | |
| CORPORATION, ABC | * | |
| INSURANCE COMPANY AND | * | |
| XYZ INSURANCE COMPANY | * | |
| | * | |

**********************************

**STATEMENT OF UNCONTESTED FACTS**

GM submits the following statement of uncontested facts.

I.

This suit arises out of an accident which occurred on August 29, 2005.

II.

Gayle Green-Johnson was the driver of a 2004 Chevrolet Trail Blazer which was involved in a single vehicle accident.

III.

Geames Green was the right front seat occupant in the Trail Blazer. Gaylan Green, Marcina Johnson, Jr. and Geremy Johnson were rear seat occupants in the Trail Blazer.

IV.

Plaintiffs brought suit alleging that the 2004 Chevrolet Trail Blazer was unreasonably dangerous in reasonably anticipated use pursuant to the Louisiana Products Liability Act because the frontal air bags did not deploy.

V.

Plaintiffs also claim that the 2004 Chevrolet Trail Blazer contained a redhibitory defect because the frontal air bags did not deploy.

VI.

The single vehicle accident occurred on Highway 49 near Yazoo City, Mississippi.

VII.

Gayle Green-Johnson claims that she was traveling at about 45 to 50 mph when she struck a puddle, hydroplaned, crossed the median, slid through a ditch, then slid into a cotton field.

VIII.

After the accident, the vehicle was driven out of the cotton field.

IX.

Gayle Green-Johnson was deposed on March 1, 2007. (See attached Exhibit No. 1, Coversheet of Gayle Green-Johnson deposition).

X.

The air bag SDM data was downloaded from the subject Trail Blazer on March 21, 2006.

XI.

After the accident, Gayle Green-Johnson did not ask anyone at the dealership to repair the air bag system. (See Exhibit No. 2, Depo. of Green-Johnson, p. 53, lines 14-21).

XII.

After the Trail Blazer was repaired, plaintiff did not retain an expert or engineer to look at the vehicle. (See Exhibit No. 3, Depo. of Green-Johnson, p. 57, lines 24 thru p. 58, line 3.

XIII.

Plaintiff has disposed of the 2004 Trail Blazer.

XIV.

As of October 1, 2007, plaintiffs have retained no experts or engineers in this case to establish that an unreasonably dangerous condition existed in the air bag system of the 2004 Chevrolet Trail Blazer.

                Respectfully submitted,

                BERNARD, CASSISA, ELLIOTT & DAVIS
                A Professional Law Corporation
                BY:   s/Carl J. Giffin, Jr.
                        CARL J. GIFFIN, JR. - Bar #14289
                        1615 Metairie Road, P. O. Box 55490
                        Metairie, Louisiana 70055-5490
                        Phone: (504) 834-2612

Fax: (504) 832-7780
E-mail: giffinc@bernard-cassisa.com

AND

PAUL V. CASSISA, JR., T.A. - Bar #16850
Bernard, Cassisa, Elliott & Davis
A Professional Law Corporation
P. O. Box 1138
Oxford, Mississippi 38655
Phone: (662) 234-7236
Fax: (662) 234-7691

**Attorneys for**
**General Motors Corporation**

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing using the CM/ECF system to all counsel of record to these proceedings. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

s/Carl J. Giffin, Jr.