## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAYLE GREEN-JOHNSON, Individually and on behalf of her minor children, GAYLAN GREEN, GEAMES GREEN, MARCINA GREEN, MARCINA JOHNSON, JR., AND GEREMY JOHNSON | * * * * * * * | CIVIL ACTION<br><br>NO. 065475, SECTION "S"<br><br>HON. JUDGE LEMMON |
| VS | * * | HON. MAG. ROBY |
| ENTERPRISE RENT-A-CAR COMPANY, ENTERPRISE CAR SALES, GENERAL MOTORS CORPORATION, ABC INSURANCE COMPANY AND XYZ INSURANCE COMPANY | * * * * * * * | <u>JURY TRIAL REQUESTED</u> |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF <u>GM'S MOTION FOR SUMMARY JUDGMENT</u>

**NOW INTO COURT,** through undersigned counsel, comes **GENERAL MOTORS CORPORATION**, who, with respect, prays that this Honorable Court grant its Motion for Summary Judgment.

Pursuant to the Statement of Uncontested Facts, it is clear that plaintiffs have not retained any expert witnesses in this case who have inspected the subject vehicle and can opine that the subject 2004 Chevrolet Trail Blazer is unreasonably dangerous in reasonably anticipated use pursuant to the requirements of the Louisiana Products Liability Act.

Summary judgment in favor of GM is appropriate because:

1) It has been more than 2 years from the date of the accident giving rise to this litigation;

2) It has been more than one year since plaintiffs filed suit in this matter on August 29, 2006;

3) Plaintiffs have disposed of the 2004 Chevrolet Trail Blazer;

4) Plaintiffs did not have an expert or engineer examine the 2004 Trail Blazer before disposing of it;

5) Plaintiffs have not retained any expert witnesses to establish that an unreasonably dangerous condition existed in the 2004 Chevrolet Trail Blazer, which caused the air bag not to deploy, and that the vehicle was in reasonably anticipated use at the time of the accident;

6) Plaintiffs have not identified any expert witness to establish that they experience enhanced injuries in this accident because the air bag did not deploy.

Since plaintiffs are unable to meet the burden of proof on one or more of the elements of their case, GM is entitled to summary judgment dismissal pursuant to Federal Rule of Civil Procedure 56.

## I.    LOUISIANA CASE LAW.

General Motors Corporation avers that it is entitled to summary judgment, and relies

upon the cases of Celotex Company v. Catrett, 417 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and Fontenot v. Upjohn, 780 F.2d 1190, 1195 (5th Cir. 1986) in support of its position that where a moving party such as GM can show that there is no evidence to establish one or more of the essential claims to plaintiff's case, then trial would be a bootless exercise, fated for an inevitable result, at great expense to the parties, and effecting a burden on both the Court and taxpayers.

## II. ADEQUATE TIME FOR DISCOVERY HAS TRANSPIRED.

It has now been more than 2 years since the accident giving rise to this lawsuit occurred.

More than adequate time has transpired for plaintiff to pursue discovery and obtain necessary experts to meet the burden of proof requirements in this case.

A case strikingly on point is that of Dardar v. Bridgestone/Firestone, Inc., et al, 879 So.2d 735, 2003-1462 (La.App. 1st Cir. 5/14/04).

In Dardar, the issue presented to the appellate court was whether the trial court had abused its discretion by granting a motion for summary judgment prior to the expiration of discovery cutoff dates.

In finding that summary judgment was appropriate - where plaintiff had not identified an expert witness in a products liability action - the First Circuit Court of Appeals noted:

> **"'There is no absolute right to delay action on a motion for summary judgment until discovery is completed.'** *Vanderbrook v. Coachman Industries, Inc.,* **01-0809, page 8 (La.App. 1st Cir. 5/10/02), 818 So.2d 906, 911."** Id. at 735.

The First Circuit Court of Appeals went on to grant the summary judgment since:

> "Plaintiff both declined to name her expert in answer to interrogatories and failed to file a countervailing affidavit from her expert in opposition to defendant's motion for summary judgment because the delays for discovery and the exchange of expert witness reports had been extended by agreement of the parties." Id. at page 735.

The requirement for expert testimony in products liability cases has been discussed in several Louisiana cases. In Traut v. Uniroyal, Inc., 555 So.2d 655 (La.App. 4th Cir. 1989), the appellate court reversed the trial judge's decision finding a defect existed in the design and/or manufacture of a Uniroyal tire. The Court first commented that in order for a plaintiff to recover against a manufacturer under strict tort liability, the plaintiff must prove:

1) That the harm complained of resulted from the condition of the product;

2) That the condition made the product unreasonably dangerous for normal use; and

3) That the condition existed at the time the product left the manufacturer's control.

Id. at 656.

The Court commented that because the plaintiff presented no expert testimony to corroborate her theory that the tire failed due to a defect, she could not recover. The same result should be obtained in the instant case.

Likewise, in the case of Cain v. Handy City, Inc., 367 So.2d 1217 (4th Cir. 1979), the

Court was confronted with a case concerning the burden of proof requirements placed on a plaintiff in a products liability case. That case involved an injury resulting from an alleged defect in a gasoline powered lawnmower.

In the Cain case, the Court commented:

> Virtually no evidence was offered to show that the lawnmower handle was defective or how the upward or downward movement of the handle contributed to this unfortunate accident. **NO EXPERT EVIDENCE WAS SUBMITTED BY PLAINTIFFS TO SUPPORT THIS ARGUMENT.**

Id. at p. 1219. (Emphasis added).

More recently, this issue was addressed in Batiste v. General Motors Corporation, 802 So.2d 686 (4th Cir. 2001), writ denied 801 So.2d 375 (La. 2001). That case involved an allegation by plaintiff that the air bag in his 1996 Oldsmobile Cutlass should have inflated during an accident. The trial court granted GM's Motion for Summary Judgment, which was upheld by both the Fourth Circuit, and the Louisiana Supreme Court.

As in the instant case, plaintiff did not present any expert testimony. The Fourth Circuit noted:

> "Because matters of longitudinal deceleration and threshold of deployment are technical matters beyond the expertise of the lay plaintiff in this case, the answers to interrogatories based on the excerpt from the police report are insufficient to raise a genuine issue of material fact on these matters. The burden of proof on causation will be on the plaintiff at trial. Thus, when General Motors presented its affidavits showing that the air bag did not malfunction, the burden shifted to the plaintiff to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. Art. 966(c)(2). As has already been explained, plaintiff may not rely on the doctrine of res ipsa loquitur to discharge this burden. Plaintiff does not have sufficient expertise to discharge this burden

himself.  **Therefore, the only other way for the plaintiff to discharge this burden would be to present his own experts. He has failed to do so and has not suggested that he would do so if given the opportunity. The plaintiff did not ask for additional time under LSA-C.C.P. Art. 967 in which to obtain expert evidence. Plaintiff does not suggest that outside of his own version of how the accident occurred, as gleaned from his answers to interrogatories, which is insufficient, and the doctrine of res ipsa loquitur which this court has already determined does not apply based on the record as it now stands, that he will be able to present any other evidence that the air bag was defective. We have a record in which the plaintiff has failed to offer any persuasive evidence of his own and in which the plaintiff has done nothing to discredit the expert evidence offered by General Motors. We are unable to see where the plaintiff has succeeded in showing the existence of a genuine issue of material fact."**  Id. at p. 690.  (Emphasis added).

Similarly, in Bourgeois v. Garrard Chevrolet, Inc., 811 So.2d 962 (4th Cir. 2002), writ denied 816 So.2d 854 (La. 5/24/02), the Court found that GM was entitled to a summary judgment because the plaintiff failed to establish an issue of material fact concerning a design defect which allegedly affected the brake system in his 1991 Chevrolet Caprice.  As in the instant case, plaintiff came forward with no expert witness testimony.  The Fourth Circuit held:

> "Without expert testimony concerning GMC specifications and standards, the plaintiff's testimony is inadequate.  The plaintiff is required to present expert testimony to show a genuine issue of material fact.  Without expert testimony, the plaintiff cannot carry his burden of proof that the ABS braking system was defective in design or that an alternative design would have prevented plaintiff's injuries."  Id. at p. 966-967.

III. **PLAINTIFFS CANNOT MEET THEIR BURDEN OF PROOF REGARDING ENHANCED INJURIES.**

In this case, plaintiffs must present expert testimony, not only to establish an

unreasonably dangerous condition existed in the vehicle, but also to establish that Gayle Green-Johnson and Geames Green sustained enhanced injuries because the air bag did not deploy.

The leading case in Louisiana on this issue is <u>Armstrong v. Lorino</u>, 580 So.2d 528 (La.App. 4th Cir. 1991), <u>writ denied</u> 584 So.2d 1166 (La. 1991). There, the Court held that in a crashworthiness case, plaintiffs do not allege that a defect in the automobile caused the initial collision between the vehicle and another object. Instead, the plaintiffs allege that the injuries were more severe than they would have been had the vehicle been properly designed and manufactured. The term "crashworthiness" denotes the ability of a motor vehicle to protect the passenger from exacerbated injuries after a collision. In order to prevail in such a case, plaintiffs must establish:

1) That the 2004 Chevrolet Trail Blazer was unreasonably dangerous in reasonably anticipated use;

2) That plaintiffs' injuries were enhanced or made worse by an unreasonably condition in the 2004 Chevrolet Trail Blazer.

## IV. FEDERAL COURT CASE LAW.

In <u>Caboni v. General Motors Corporation</u>, 278 F.2d 488 (5th Cir. 2002), the Court addressed the issue of the burden of proof in an enhanced injury case. The Court noted:

> "GM argues that, in order to prevail, Caboni must establish that he sustained more severe injuries than he would have received if the air bag had deployed. We agree that this is the proper legal question under Louisiana law. See <u>Armstrong v. Lorino</u>, 580 So.2d 528, 530 (La.App. 4th Cir., <u>writ denied</u> 605 So.2d 1146 (La. 1992)."

In Battistella v. Daimler-Chrysler Motors Company, L.L.C., 2004 Westlaw 1336444 (E.D. La. 6/14/04), the Court was confronted with an almost identical situation - i.e. the plaintiff's burden of proof in an air bag non-deployment accident. In discussing the plaintiff's burden of proof, Judge McNamara noted:

> "Finally, plaintiff argues that he does not need a qualified expert witness to prove injury causation. **However, whether or not the failure of the driver's side air bag to deploy 'enhanced' plaintiff's injuries, is not a part of the everyday experience of the consuming public**. **Thus, jurors would need expert testimony to evaluate this issue.** *Accord, Batiste,* 802 So.2d at 690 (plaintiff did not discharge his burden to prove causation in an air bag failure to deploy case when he failed to present expert opinion); *Page v. Gilbert*, 598 So.2d 1110, 1116-17 (La.App. 4th Cir. 1992) (jury had sufficient evidence to support conclusion that plaintiff's automobile was uncrashworthy given the testimony of plaintiff's crashworthy and biomechanical engineering expert that the subject design defect enhanced plaintiff's injuries); and *Caboni*, 278 F.3d at 455 (finding that plaintiff, in an air bag failure to deploy case brought under the Louisiana Products Liability Act, adduced sufficient evidence, *i.e., the opinions of three experts,* to create a genuine issue of material fact regarding whether the fact that the express warranty was untrue proximately caused his additional injuries). Fn. 8. While 'there may be cases in which the judge or the jury, while relying on the background knowledge and "common sense", can "fill in the gaps, this is not such a case."' *Morgan v. Gaylord Container Corp.*, 30 F.3d 586, 590-591 (5th Cir.) quoting *Lavespere v. Niagara Machine and Tool Works, Inc.*, 910 F.2d 167, 184 (5th Cir. 1990). However, even if expert testimony would not be needed to determine injury causation in this case, plaintiff has failed to offer *any other competent evidence* to establish that he sustained more severe injuries than he would have received if the driver's side air bag had deployed."

In the instant case, without expert witnesses, plaintiffs cannot meet their burden of proof requirements outlined in the Caboni and Battistella cases. Summary judgment is appropriate.

## V. GM'S EXPERT - LISA STACEY.

GM provides the Court with the supporting affidavit of Lisa Stacey, an expert witness who will address issues concerning the design, manufacture, testing, function, performance and use of the supplemental inflatable restraint system on the 2004 Chevrolet Trail Blazer.

## VI. AFFIDAVIT OF LISA STACEY.

Ms. Stacey's role in this matter was to evaluate the design of the air bag system including its compliance with all Federal Motor Vehicle Safety Standards, and its performance in this accident. GM attaches as Exhibit No. 1 to the Memorandum in Support of Motion for Summary Judgment the Affidavit of Lisa Stacey.

In rendering her opinions, Ms. Stacey reviewed a number of things including pleadings, depositions, discovery responses, vehicle information, the Vetronics Crash Data Retrieval information pertaining to the subject vehicle's SDM, FMVSS 208 compliance documents, engineering drawings, all as are outlined in paragraph 5 - Basis of Opinions - of the affidavit.

Ms. Stacey's affidavit then goes on to address the:

- ▸ Frontal air bag system components,
- ▸ Frontal sensing system components,
- ▸ Sensing and Diagnostic Module (SDM),
- ▸ The purpose of the frontal air bag system, and
- ▸ Discusses how the frontal air bag system functions.

The affidavit next addresses the fact that air bags are not intended to deploy in all

accidents. Frontal air bag systems are not designed to deploy in minor frontal collisions such as this one. The description of this accident given by plaintiff in her deposition is that after hitting a puddle, her Trail Blazer left the road, crossed a grassy median, went down the slope of a ditch, then slid through a cotton field before coming to rest. After the accident, the vehicle was still running, and the truck was driven out of the cotton field and parked on the side of the road. The truck did not sustain a significant frontal impact.

Ms. Stacey's affidavit discussed the fact that the subject accident was not a deployment event. (See Affidavit, paragraph 14). This opinion was based on not just the plaintiff's description of the accident, but also from a review of available vehicle photographs, as well as the actual data downloaded from the SDM/air bag system in the Trail Blazer.

As a result of all of this work, Ms. Stacey reached her opinions and conclusions at paragraph 21 of her affidavit that:

"A.  This accident was below the frontal air bag deployment threshold for the 2004 Chevrolet Trail Blazer.

B.  The frontal air bag system in the 2004 Chevrolet Trail Blazer functioned properly by not deploying in the accident on August 29, 2005.

C.  The frontal air bag system is reasonably safe. The non-deployment of the frontal air bags was not due to an unreasonably dangerous condition in the air bag system.

D. The injuries described in the medical records that were produced are not the level of severe head and chest injuries that frontal air bags are designed to help reduce.

E. The injuries described in the submitted medical records that were produced are the level of injuries that can occur regardless of whether there is, or is not, the deployment of a driver's frontal air bag."

## VII. CONCLUSION.

Plaintiffs are required to present expert testimony in order to meet their burden of proof to establish:

1) That an unreasonably dangerous condition existed in the 2004 Chevrolet Trail Blazer during reasonably anticipated use which;

2) Caused plaintiffs, Gayle Green-Johnson and Geames Green to sustain enhanced injuries as a result of the air bag non-deployment.

Plaintiffs have no expert testimony to meet either of these elements of their burden of proof.

In stark contrast, although not required, GM has presented affirmative proof, in the form of the affidavit of Lisa Stacey, which supports its position that the air bag system in the 2004 Chevrolet Trail Blazer was not unreasonably dangerous in reasonably anticipated use and that the air bag non-deployment did not result in plaintiffs sustaining enhanced injuries.

GM is entitled to summary judgment dismissing plaintiffs' claims in their entirety and with prejudice.

Respectfully submitted,

BERNARD, CASSISA, ELLIOTT & DAVIS
A Professional Law Corporation
BY:  s/Carl J. Giffin, Jr.
   CARL J. GIFFIN, JR. - Bar #14289
   1615 Metairie Road, P. O. Box 55490
   Metairie, Louisiana 70055-5490
   Phone: (504) 834-2612
   Fax: (504) 832-7780
   E-mail: giffinc@bernard-cassisa.com

   AND

   PAUL V. CASSISA, JR., T.A. - Bar #16850
   Bernard, Cassisa, Elliott & Davis
   A Professional Law Corporation
   P. O. Box 1138
   Oxford, Mississippi 38655
   Phone: (662) 234-7236
   Fax: (662) 234-7691
   **Attorneys for**
   **General Motors Corporation**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing using the CM/ECF system to all counsel of record to these proceedings. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

                                        s/Carl J. Giffin, Jr.