UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAYLE GREEN-JOHNSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5475** |
| **ENTERPRISE RENT-A-CAR, ET. AL.** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS ORDERED** that General Motor Corporation's Motion for Summary Judgment (Rec. Doc. 35) is **DENIED**.

## BACKGROUND

Plaintiff, Gayle Green-Johnson, filed a *pro se* complaint against General Motors Corporation, and others, seeking damages for a vehicular collision that she alleges occurred on August 29, 2005, in Mississippi. Plaintiffs allege that GM is liable because the 2004 Trail Blazer was unreasonably dangerous under the Louisiana Products Liability Act and that the vehicle contained a redhibitory defect because the front air bags did not deploy at the time of the accident.

GM argues that summary judgment is appropriate because plaintiffs have not identified an expert witness to support their LPLA claims against GM. Plaintiffs oppose the motion for summary judgment contending that the deadline for their expert reports has not yet passed, and therefore, summary judgment is improper.

## II. DISCUSSION

GM contends that summary judgment is proper because plaintiffs have not identified any expert witness who can support their burden of proof under the LPLA. Plaintiffs have not designated an expert to provide required expert testimony regarding whether the airbags should have inflated at the time of the accident. GM argues that without such expert testimony, plaintiffs cannot carry their burden of proof. GM further contends that the plaintiffs have disposed of the vehicle at issue in this case and no expert or engineer examined the vehicle before its disposal. Plaintiffs argue that their deadline for expert reports has not yet passed, and they further contend that they should be allowed the opportunity to explore whether the airbags in the Trail Blazer should have deployed through consultation with an expert witness.

Regarding a claim under the LPLA, the plaintiff's evidence must show that the product is unreasonably dangerous under one of the four theories of liability set forth in the act: (1) construction or composition, (2) design, (3) adequacy of warning, or (4) failure to conform to an express warranty. Louisiana Revised Statute § 9:2800.51, et seq.; *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254 (5th Cir.2002). To recover under any theory under the LPLA, the plaintiff's burden of proof is two-tiered: (1) the damages were proximately caused by the characteristic of the product that renders it unreasonably dangerous, and (2) the damages arose from a "reasonably anticipated use of the product." Louisiana Revised Statute § 9:2800.54; *Kampen v. American Isuzu Motors, Inc.*, 157 F.3d 306, 309 (5th Cir.1998).

"Although we cannot infer the existence of a defect solely from the fact that an accident occurred, a manufacturing defect may be established by circumstantial evidence." *Hanover American Insurance Company v. Trippe Manufacturing Company*, 37,060 (La. App. 2d Cir. 4/9/03),

843 So. 2d 571, 576. (citations omitted).  "Moreover, circumstantial evidence may establish the existence of a genuine issue of material fact." *Id*. (citations omitted).

Under the LPLA, plaintiffs in the instant case must prove that their damages were proximately caused by the characteristic of the product that renders it unreasonably dangerous and that their damages arose from a reasonably anticipated use of the product.  Plaintiffs are correct in contending that they should be allowed the opportunity to meet their burden of proof by consulting with an expert witness.  According to this Court's scheduling order, plaintiffs' deadline to submit expert reports is January 3, 2008, and witness lists for both parties are due on February 1, 2008.  Moreover, plaintiffs may use circumstantial evidence to prove that a defect existed in the airbags of the Trail Blazer or to raise a genuine issue of material fact sufficient to defeat a motion for summary judgment.  Because the plaintiffs' expert report deadline has not expired and because plaintiffs have not yet had the opportunity to fully explore the possible causes of the failure of the airbags to deploy, GM's motion for summary judgment is premature.  Accordingly, GM's motion for summary judgment is denied.

## CONCLUSION

GM's motion for summary judgment is denied.

New Orleans, Louisiana, this __23rd__ day of October, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**