UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAYLE GREEN-JOHNSON | CIVIL ACTION |
| VERSUS | NO: 06-5475 |
| ENTERPRISE RENT A CAR, ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

The Supplemental Motion for Summary Judgment (Doc # 44) filed by the General Motors Corporation is GRANTED, and the Motion to Strike Plaintiffs' Witnesses and Exhibits (Doc #41) filed by General Motors Corporation is DENIED AS MOOT.

## BACKGROUND

On August 29, 2006, Gayle Green-Johnson, individually and on behalf of her child, filed *pro se* a Complaint against GM and unidentified insurers, for injuries from a one-car vehicular accident in Mississippi. Plaintiff alleges that on August 29, 2005, while traveling on U.S. Hwy. 49, plaintiff lost control of her car which came to an abrupt stop when hitting a hard object. Plaintiff alleges that GM was the manufacturer of the 2004 Chevrolet Trailblazer that plaintiff was driving in the accident, and that GM is responsible for the damages caused by the accident because of defects in the air bags and the rear wheel drive. Plaintiff claims relief under the Louisiana Products Liability

Act ("LPLA"), redhibition and breach of warranty.

GM's unrefuted Statement of Material Facts establishes that plaintiff struck a puddle, hydroplaned, crossed the median, slid through a ditch, then slid onto a cotton field; that after the accident, the vehicle was driven out of the cotton field; that air bag data were downloaded from the vehicle on March 21, 2006; that plaintiff brought the vehicle to the dealership, but did not ask that the air bag system be repaired; and that plaintiff no longer has the vehicle.[1]

GM's earlier motion for summary judgment was denied by this court on October 23, 2007, on the basis that GM's motion was premature because the plaintiff's expert report deadline of January 3, 2008, had not yet expired. Plaintiff opposed GM's motion for summary judgment, stating that she "had not yet retained an expert." GM is now reasserting its motion for summary judgment because the expert deadline has passed and plaintiff has not retained an expert; because plaintiff has offered no evidence to establish that her vehicle was unreasonably dangerous pursuant to the LPLA; because plaintiff has no evidence to show that the vehicle was unreasonably dangerous at the time the product left GM's control; and, because plaintiff has offered no competent evidence of enhanced injuries as a result of the air bags not deploying.

GM supports its motion with an expert report from Lisa Stacey, a mechanical engineer who examined, among other things, photos of the vehicle and crash data from the vehicle. She opined

---

[1] Local Rule 56.2 provides:

> All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

As plaintiff has not controverted these points, GM's material facts are now established as facts.

that the impact of the accident was below the frontal air bag deployment threshold for the 2004 Trailblazer; and that the frontal air bag system functioned properly by not deploying. GM also submitted a report from James Lighthall, Ph.D., a scientist in anatomy and neuroscience, who opined that even if the air bags had deployed, the air bags would not mitigated plaintiffs' injuries.[2]

After GM's motion to strike plaintiffs' witnesses and exhibits, plaintiff filed her witness and exhibit list and GM withdrew its motion insofar as it seeks a striking of plaintiff's exhibit list. As to plaintiff's witness list, GM argues that plaintiff has identified four new witnesses, and all of whom should be stricken. Plaintiff does not identify an expert witness and has not provided GM with an expert report.[3]

Plaintiff opposes both motions. In her opposition to the summary judgment, plaintiff did not submit counter affidavits or evidence of any kind. Plaintiff attacks GM's affidavit from Stacey, arguing that Stacey is a GM employee; that her report is "nothing more than a dissertation regarding GM's air bag system and components"; that Stacey did not have all crash related information; and that Stacey did not inspect the vehicle. Plaintiff offers no competing expert analysis; nor does she address James Lighthall, Ph.D.'s expert report. In opposing the motion to strike, plaintiff simply iterates that GM has not been prejudiced by the delay of eleven days, and that all witnesses had been previously identified to GM. GM denies it was aware of the four new witnesses.

---

[2] See Exhibit 1 to GM's supplemental motion for summary judgment.

[3] Plaintiff did not submit a pre-trial order.

## ANALYSIS

*Summary Judgment Standard*

Because plaintiff is proceeding *pro se*, the court must construe her pleadings liberally.[4] Notwithstanding, the *pro se* plaintiff must prove her case.

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[5] Although the court must consider the evidence with all reasonable inferences in light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.[6]

The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.[7] The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported motion for summary judgment.[8] Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.[9] Further, if the opposing party bears the burden of proof

---

[4] *Reece v. Countrywide Home Loans*, 2007 WL 2909575 (5th Cir. 2007)(liberal construction of *pro se* plaintiff's pleadings). *See also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). A plaintiff's verified complaint can be considered summary judgment evidence to the extent that it comports with the requirements of Fed. R. Civ. P. 56 (e). *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Plaintiff's complaint in this case is not verified, and is therefore not evidence.

[5] Fed.R.Civ.P. (56); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).

[6] *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir.1998).

[7] *Id*.

[8] *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).

[9] *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir.1993).

at trial, the moving party does not have to submit evidentiary documents to support its motion, but need only point out the absence of evidence supporting the non-movant's case.[10]

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial.[11]  The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial.[12]   If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for.[13]

*Louisiana Products Liability Act*

The LPLA establishes the exclusive theories of liability for manufacturers for damage caused by their products.[14]  The LPLA states that a manufacturer shall be liable to a claimant for damage caused by an unreasonably dangerous product during a reasonably anticipated use.[15]  To recover under the LPLA, plaintiff must establish that their damages "were proximately caused by a characteristic of the product that renders it unreasonably dangerous, " and that plaintiff's damages

---

[10]*Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

[11]*Celotex*, 477 U.S. at 324.

[12]*Anderson*, 477 U.S. at 248-49; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*).

[13]Fed. R. Civ. Proc. 56(c); *Celotex*, 477 U.S. at 322.

[14]La. Rev. Stat. §9:2800.52, *et seq.  See also, Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002).

[15]La. Rev. Stat. §9:2800.54.

"arose from a reasonably anticipated use of the product."[16] "If a plaintiff's damages did not arise from a reasonably anticipated use of the product, then the 'unreasonably dangerous' question need not be reached."[17]

Liability may be imposed when a product is found to be unreasonably dangerous in (1) construction or composition, (2) design, (3) inadequate warning or (4) nonconformity with an express warranty.[18] Plaintiff alleges that the GM vehicle was unreasonably dangerous on all four grounds.

The record is devoid of proof regarding defective design or construction. This lack of evidence is fatal to plaintiff's LPLA claim because, as the Fifth Circuit has noted, "Louisiana law does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred."[19]

Plaintiff alleges that the air bag's nondeployment and the rear wheel drive contributed to her injuries. However, these allegations are not evidence. Plaintiff has not identified any specific product defect in either the air bag or the rear wheel drive. Further, plaintiff has not pointed to any evidence that an alternative design capable of preventing the claimant's damages' existed.[20]

---

[16] La. Rev. Stat. §9:2800.54(A).

[17] *Kampen v. Am. Isuzu Motors, Inc.*, 157 F.3d 306, 309 (5th Cir. 1988)(*en banc*).

[18] La. Rev. Stat. §9:2800.55-58.

[19] *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 205 (5th Cir. 2001) (*quoting McCarthy v. Danek Medical, Inc.*, 65 F.Supp.2d 410, 412 (E.D. La. 1999)). *See also Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000).

[20] *See* La. Rev. Stat. §9:2800.56.

Plaintiff has also failed to produce any evidence that warnings provided by the manufacturers were in any way inadequate. "A 'mere allegation of inadequacy' is insufficient for a plaintiff to survive summary judgment on a failure to warn claims."[21] Finally, plaintiff has not provided the court with any evidence to suggest a nonconformity with an express warranty.

A plaintiff must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial" to defeat summary judgment.[22] This, plaintiff has not done. As plaintiff has failed to meet her burden of proof on summary judgment as to her LPLA claims, there are no questions of material fact which preclude summary judgment for GM, as a matter of law.

*Redhibition*

The sole exception to the exclusivity provisions under the LPLA is Redhibition, which the LPLA expressly provides.[23] "Redhibition is the avoidance of a sale because of some vice or defect in thing sold. It requires the seller to return the purchase price and the buyer to return thing purchased."[24] "A buyer may bring an action against all sellers in the chain of sales back to the primary manufacturer to rescind the sale for breach of an implied warranty."[25]

In a suit for redhibition, the plaintiff must prove: 1) the thing sold is absolutely useless for its intended purposes or its use is so inconvenient or imperfect that it must be supposed that had the

---

[21]*Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 264 (5th Cir. 2002)(*quoting Anderson v. McNeilab, Inc.*, 831 F.2d 92, 93 (5th Cir. 1987)).

[22]*Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996).

[23]La. Rev. Stat. §9:2800.54, *et seq.*

[24]*Capitol City Leasing Corp. v. Hill*, 404 So.2d 935, 939 (La. 1981).

[25]*Rey v. Cuccia*, 298 So.2d 840, 845 (La. 1974).

plaintiff known of the defect, plaintiff would have never purchased it; 2) the defect existed at the time that plaintiff purchased the thing, but was neither known or apparent defect to plaintiff; and 3) the seller was given an opportunity to repair the defect.[26]

Plaintiff has provided no evidence that the vehicle was so "absolutely useless for its intended purposes or its use is so inconvenient or imperfect that it must be supposed that had the plaintiff known of the defect, plaintiff would have never purchased it." Plaintiff drove the car from the scene of the accident. Further, plaintiff has offered no evidence to support that the alleged defects in the air bags and the rear wheel drive existed at the time that the plaintiff purchased the vehicle.[27] Additionally, the evidence supports that the plaintiff did not give the seller the opportunity to repair the allegedly defective air bag.[28] As GM's unrefuted statement of material fact establishes, plaintiff had the vehicle repaired but did not request that the air bag be fixed, and that the plaintiff no longer has the vehicle. There is no evidence at all about the rear wheel drive being tendered for repair.

Plaintiff has not come forward with proof that a genuine issue exists for trial of the redhibition claim against GM and those claims are dismissed.

The supplemental motion for summary judgment filed on behalf of General Motors Corporation is GRANTED, dismissing with prejudice plaintiff's claims against it.

---

[26] *Alston v. Fleetwood Motor Homes of Indiana, Inc.*, 480 F.3d 695, 698 (5th Cir. 2007) *(citing Dalme v. Blockers Mfd. Homes, Inc.*, 779 So.2d 1014, 1028 (La. App. 3rd Cir. 2001)); La. Civ. Code art. 2520.

[27] The mere fact that an accident occurred is not evidence of a defect in either the air bag system or rear wheel drive.

[28] *See generally Lindy Investments v. Shakertown Corp.*, 209 F.3d 802, 808 (5th Cir. 2000).

New Orleans, Louisiana, this  7th   day of April, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**